IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX ROSADO** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, Superintendent,** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF BERKS, and THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA** | : | NO. 07-4429 |

## MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                            **OCTOBER 30, 2007**

Petitioner Felix Rosado ("Rosado"), a state prisoner, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rosado's claims have not been exhausted in state court. A motion for stay accompanies Rosado's habeas petition. Rosado's motion for stay will be granted and the action will be stayed and held in abeyance while Rosado exhausts his state remedies under the Pennsylvania Post Conviction Collateral Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq.*.

I.     FACTS AND PROCEDURAL HISTORY

On December 23, 1995, Hiep Q. Nguyen was shot to death. Rosado was charged with first degree murder, third degree murder, aggravated assault, reckless endangerment, violation of the Uniform Firearms Act, possession of an instrument of crime, and altering or obliterating marks of identification. On the third day of trial, Rosado pled guilty to first degree murder and judgment of sentence was entered in the Court of Common Pleas of Berks County, Pennsylvania, on July 11, 1996. Rosado avers he was unaware that he could have asserted a voluntary

intoxication defense. Rosado was sentenced to life imprisonment without possibility of parole.

Rosado claims that on October 23, 2006, he discovered new evidence establishing that on the day of the shooting, he was much more intoxicated than the Commonwealth's trial witnesses had suggested. Rosado avers a witness, Jamiel Tejada, will testify that minutes after the shooting occurred, Rosado appeared heavily intoxicated and was stumbling, speaking incoherently, mumbling, and alternately laughing and crying. Rosado claims he could not have ascertained the evidence from Tejada earlier because he was unaware of the intoxication defense to murder, and Tejada was in the army from the summer of 1997 until the summer of 2006.

On December 22, 2006, Rosado filed a petition for relief pursuant to the Pennsylvania PCRA in the Court of Common Pleas of Berks County. The Commonwealth contests the timeliness of Rosado's pending PCRA petition. Rosado's PCRA petition is pending in state court.

On October 22, 2007, Rosado filed a petition for writ of habeas corpus in federal court. In his habeas petition, Rosado argues he was deprived of his right to due process and effective assistance of counsel because his trial attorney failed to: (a) advise Rosado of the availability of the voluntary intoxication defense to the charge of first degree murder; or (b) conduct any investigation of persons working at bars which Rosado visited prior to the shooting or persons whom Rosado might have encountered shortly after the shooting; or (c) obtain the services of a toxicology expert to testify to Rosado's probable mental condition prior to the killing. Since these claims are pending in state court, they have not been exhausted.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for writ

of habeas corpus cannot be granted unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). AEDPA's one-year statute of limitations on federal habeas petitions is tolled while a "properly filed" state post-conviction petition is pending. 28 U.S.C. § 2254(d)(2). An untimely state post-conviction petition is not deemed "properly filed" and does not toll AEDPA's statute of limitations. Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).

Rosado has moved for this court to stay his habeas petition rather than dismiss it for failure to exhaust state remedies. He argues that if, after many months, the state court finds his PCRA petition untimely, AEDPA's statute of limitations would not be tolled, and his federal habeas petition would be time barred. A district court has the discretion to order a stay and abeyance of a habeas petition while the petitioner exhausts state remedies if: (a) there is good cause for the petitioner's failure to exhaust his claims first in state court; (b) the unexhausted claims are potentially meritorious; and (c) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Rhines v. Weber, 544 U.S. 269, 278 (2005). A petitioner's reasonable confusion whether a state filing would be timely ordinarily constitutes "good cause" for him to file in federal court before exhausting state remedies. Pace, 544 U.S. at 416. Because the timeliness of Rosado's PCRA petition is in dispute, there is good cause for Rosado's failure to exhaust his claims in state court before filing a federal habeas petition. Rosado's claims are potentially meritorious, and there is no indication he engaged in intentionally dilatory litigation tactics.

Rosado's motion for stay will be granted and the action will be stayed and held in abeyance while Rosado exhausts his state remedies.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FELIX ROSADO** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, Superintendent,** | : | |
| **THE DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF BERKS, and THE** | : | |
| **ATTORNEY GENERAL OF THE STATE** | : | |
| **OF PENNSYLVANIA** | : | **NO. 07-4429** |

## ORDER

     **AND NOW**, this 30th day of October, 2007, upon consideration of petitioner's motion for stay, it is **ORDERED** that:

     1.    Petitioner's motion for stay (paper no. 2) is **GRANTED**.

     2.    This action is **STAYED** pending either: (a) state court determination of petitioner's petition filed pursuant to the Pennsylvania Post Conviction Collateral Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq.*; or (b) further notice by this court.

     3.    The Clerk of Court shall place this action in **ADMINISTRATIVE SUSPENSE**.

     4.    Petitioner is placed on formal notice that in the event of an adverse final decision of the Supreme Court of Pennsylvania regarding his PCRA petition, if he wishes that the arguments in his habeas petition, filed under Civ. A. No. 07-4429, be considered by this court on the merits, then he shall notify this court in writing **within thirty (30) days** of the adverse decision

                                          /s/ Norma L. Shapiro
                                                                  S.J.