IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELIX ROSADO, : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| MICHAEL WENEROWICZ, : | |
| Superintendent, DISTRICT ATTORNEY, : | No. 07-4429 |
| County of Berks, ATTORNEY : | |
| GENERAL, State of Pennsylvania, : | |
| Respondents. : | |

Norma L. Shapiro, J.                                                  October 2, 2013

## MEMORANDUM

Petitioner Felix Rosado ("Rosado") filed a counseled petition for a writ of habeas corpus pursuant to 22 U.S.C. § 2254. Rosado, currently incarcerated, is serving a life sentence. United States Magistrate Judge Henry S. Perkin filed a Report and Recommendation ("R&R") (paper no. 24). Rosado filed timely objections (paper no. 29). For the following reasons, the R&R will be adopted in part. Rosado's objections to the R&R will be sustained in part. Rosado's petition for a writ of habeas corpus will be denied.

## I. BACKGROUND

### A. Factual and Procedural History[1]

On December 10, 1995, Hiep Q. Nguyen was shot in the head and killed while sitting in the driver's seat of his car in Reading, Pennsylvania. Petitioner was arrested and charged with first-degree murder, third degree murder, aggravated assault, reckless endangerment, violation of

---

[1] A complete history is set forth in Part I of Magistrate Judge Perkin's Report and Recommendation.

1

section 6106 of the Uniform Firearms Act, possessing an instrument of crime, and altering or obliterating marks of identification. A jury trial before the Honorable Scott D. Keller of the Court of Common Pleas of Berks County commenced on July 3, 1996. On the third day of testimony, July 11, 1996, Rosado entered a guilty plea for first degree murder and was sentenced to life imprisonment without possibility of parole the same day. Rosado contends that, at the time of his guilty plea, he was unaware he could have asserted a voluntary intoxication defense, if successful, that would have reduced the charge from first degree to third degree murder.

On April 5, 1997, Rosado filed a pro se motion to withdraw his guilty plea, alleging that his trial counsel pressured him to plead guilty to first degree murder and that counsel should have fought for a lesser charge. The trial court denied the motion on April 17, 1997.

On or about September 7, 1997, Rosado mailed a motion to allow an appeal nunc pro tunc from the trial court's order denying his motion to withdraw his guilty plea. This motion was docketed on November 8, 1997, when Rosado's family delivered a copy to the Berks Country Clerk of Courts. The trial court treated Rosado's motion as a request for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA"). *See* 42 Pa. C.S. § 9541 *et seq*.

On October 14, 1997, Rosado filed a PCRA motion through counsel. In that motion, Rosado moved to amend the September 7, 1997, motion to allow an appeal nunc pro tunc and requesting reinstatement of Rosado's direct appeal rights. Following a PCRA hearing on November 30, 1999, the PCRA court denied Rosado's petition as untimely in an order dated the same day. Rosado filed a notice of appeal in the Pennsylvania Superior Court on December 27, 1999. On October 17, 2000, the Superior Court affirmed the denial of the PCRA petition. The Pennsylvania Supreme Court denied an allowance of appeal on May 7, 2001.

On December 21, 2006, Rosado filed another PCRA petition through counsel, in which he alleged ineffective assistance of counsel for failure to investigate voluntary intoxication as a potential defense and an unlawfully induced guilty plea. Rosado requested that the court vacate his sentence, permit him to withdraw his July 11, 1996, guilty plea, and grant him a new trial. After a hearing that took place on November 30, 2007, the PCRA court held that Rosado's petition was timely and that he had not waived the issue of ineffective assistance of counsel. However, in its discussion and order dated June 10, 2008, the PCRA court concluded that Rosado's trial counsel was not ineffective for failure to pursue a voluntary intoxication defense. On July 8, 2008, Rosado filed a timely notice of appeal with the Pennsylvania Superior Court. On July 11, 2008, the Commonwealth filed a cross-notice of appeal. On July 23, 2008, the Commonwealth filed a Concise Statement of the Errors Complained of on Appeal in which it argued that the lower court erred in finding Rosado's petition timely and in holding that Rosado had not waived his ineffective assistance of counsel claim. On August 1, 2008, Rosado filed a Concise Statement arguing generally that the court erred when it held that Rosado's trial counsel was not ineffective.

The PCRA court issued an opinion expanding on its June 10, 2008, order on October 14, 2008. The PCRA court found that Rosado's 2006 petition was timely because it was filed within sixty days of discovering new evidence that could not have been ascertained at the time of trial. The PCRA court also found that the discovery of the testimony of Yamiel Tejeda, an acquaintance of petitioner, supported Rosado's assertion that he had been intoxicated the night of Mr. Nguyen's murder and that the testimony could not have been discovered at the time of trial even with due diligence.

The Pennsylvania Superior Court affirmed the decision of the PCRA court on September 21, 2009, and the Pennsylvania Supreme Court denied petitioner's motion for an allowance of appeal on March 10, 2010.

Rosado had filed a petition for writ of habeas corpus in this court on October 22, 2007, along with a motion to stay. This court granted the motion to stay on October 31, 2007, in order to allow Rosado to exhaust his claims in state court. On June 3, 2010, following the exhaustion of claims in state court and on motion by the petitioner to reopen, this court removed this action from suspense and granted Rosado sixty days to file a brief in support of his petition. Rosado filed a brief on August 3, 2010. On August 25, 2010, this court referred the petition to Magistrate Judge Perkin for an R&R. Rosado filed timely objections to the R&R.

### B. Report and Recommendation and Objections

Magistrate Judge Perkin concluded the following in his R&R: (1) Rosado's December 21, 2006 PCRA petition was timely; (2) the state court's holding that Rosado's counsel was not ineffective for failure to pursue a voluntary intoxication defense was not objectively unreasonable; and (3) a certificate of appealability should be denied.

Rosado makes numerous objections to Magistrate Judge Perkin's R&R, most of which merely iterate arguments considered and rejected by both the PCRA court and Magistrate Judge Perkin. Rosado also objects to certain factual inaccuracies contained in Magistrate Judge Perkin's R&R, particularly in Judge Perkin's summary of the relevant record.

## II. DISCUSSION

The court must review de novo those portions of the R&R to which Burton specifically has objected. *See* 28 U.S.C. § 636(b)(1)(C). To show ineffective assistance of counsel, a

4

petitioner must meet a two-part test. First, the petitioner must show that "counsel's performance was deficient," i.e., that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the petitioner must show prejudice, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") requires deference in reviewing the determination of state court decisions. *See* 28 U.S.C. § 2254(d). Under AEDPA:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* "[A]s long as the reasoning of the state court does not contradict relevant Supreme Court precedent, AEDPA's general rule of deference applies." *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004) (citations omitted). "That is, the state court's decision must have been not only incorrect or erroneous but objectively unreasonable." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005) (citations omitted).

**A. References to Petition as Untimely**

Rosado objects to references contained in the R&R that the PCRA court determined that Rosado's petition was not timely and that Rosado seeks review of the PCRA court's determination that his petition was untimely. *See* Objections at 1-2, 5-6; *see also* R&R at 8, 39. Rosado is correct that the PCRA court and the Pennsylvania Superior Court found that his

5

December 21, 2006, PCRA petition was timely. *Cf.* R&R at 4-10, 16-18. Rosado's objections to those portions of Magistrate Judge Perkin's R&R suggesting that Rosado's 2006 PCRA petition was untimely will be sustained and those references at pages 8 and 39 of the R&R will not be adopted.

### B. PCRA Hearing Date

Rosado objects to an R&R statement that a PCRA hearing took place on June 10, 2008. *See* R&R at 4. The hearing took place on November 30, 2007. The PCRA court's decision and order denying Rosado's PCRA petition was issued on June 10, 2008. Rosado's objection on this ground will be sustained.

### C. Counsel's Failure to Investigate Voluntary Intoxication Defense

Rosado argues that the PCRA court and Judge Perkin analyzed the wrong claim, because Rosado claims his counsel was ineffective for failing to *investigate* a voluntary intoxication defense, rather than failing to *pursue* such a defense. *See* Objection at 2-3.

Magistrate Judge Perkin, like the PCRA court, credited trial counsel's testimony that he concluded an innocence defense and an intoxication defense were mutually incompatible. *See* R&R at 20-24. Magistrate Judge Perkin also credited counsel's testimony that Rosado "adamantly insisted" on an innocence defense. *See* R&R at 24-28. This determination that trial counsel's testimony was credible, even in light of Rosado's contradictory testimony, is not unreasonable. As noted in Magistrate Judge Perkin's Report, "[p]rior to the PCRA hearing, Petitioner told conflicting accounts to police, he falsely accused his cousin, Mr. Melendez, of the murder of Mr. Nguyen and he intimated retaliation against the factual witnesses Mr. Melendez and Damon Williams who cooperated with the prosecution." R&R at 21. The Pennsylvania

6

courts credited counsel's testimony that: (1) counsel discussed the intoxication defense with Rosado; and (2) he chose not to pursue it further because of Rosado's insistence on an innocence defense.

Magistrate Judge Perkin discussed and analyzed Rosado's argument that trial counsel's failure to investigate a voluntary intoxication defense prior to trial "set in motion a chain reaction" and caused counsel's assistance to be ineffective because that failure was so "early on" in preparing Rosado's defense. *See* R&R at 28-29. Magistrate Judge Perkin agreed with the state court and concluded that whether it was failure to pursue or failure to investigate, Rosado has not shown that counsel erred, much less that such error was "so serious as to deprive [him] of a fair trial." R&R at 35 (quoting *Strickland*, 466 U.S. at 687). This conclusion was not unreasonable. This objection will be overruled.

### D. Omission of Important Facts

Rosado objects to Magistrate Judge Perkin's summary of facts for failing to include details perceived by Rosado as "important" and worthy of analysis. *See* Objections at 3-4. Rosado does not explain which specific facts should have been considered or how failure to consider any specific fact was error. This objection will be overruled.

### E. Standard of Review

Rosado objects to Magistrate Judge Perkin's articulation of the standard of review. Rosado does not allege that Magistrate Judge Perkin stated the wrong standard, but only that Judge Perkin's summary implies a stronger standard than supported by *Strickland v. Washington*, 466 U.S. 668 (1984). *See* Objections at 4-5. Magistrate Judge Perkin correctly articulated the "doubly deferential" standard required under *Strickland* and AEDPA, which demand first that the

state court give deference to counsel's conduct — which is presumed to be effective — and second that the federal court defer to the state court decision on the merits unless the petitioner shows that the state court's application of federal law was unreasonable. *See* R&R at 13-15; *see also Strickland*, 466 U.S. at 689 ("the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy") (quotation marks and citations omitted); *Premo v. Moore*, 131 S. Ct. 733, 740 (2011) (counsel's "representation was adequate under *Strickland*, or at least that it would have been reasonable for the state court to reach that conclusion"). This objection will be overruled.

**F. Other Objections to Discussion Portion of Report and Recommendation**

Rosado objects at length to Magistrate Judge Perkin's conclusion that Rosado failed to show ineffective assistance of counsel. *See generally* Objections at 7-22. For the most part, Rosado merely rehashes arguments from elsewhere in his objections or as originally asserted in his petition without offering any new reason why the court should accept those arguments. None of Rosado's arguments that counsel was ineffective is persuasive.

Rosado points to a number of Supreme Court opinions in arguing that the determination by the Pennsylvania courts that trial counsel discussed the voluntary intoxication defense with Rosado was unreasonable and does not merit deference. *See* Objections at 7-9. Rosado initially objects that Magistrate Judge Perkin did not consider *Miller-El v. Cockrell*, 537 U.S. 322 (2003), and *Wiggins v. Smith*, 539 U.S. 510 (2003), before rejecting Rosado's claims.

*Miller-El* is inapposite. In *Miller-El*, the United States Supreme Court analyzed the requirements for issuing a Certificate of Appealability under 28 U.S.C. § 2253(c). 537 U.S. at 336-37. The holding in *Miller-El* has no bearing on the deference to state court decisions

8

required under 28 U.S.C. § 2254(d) and Rosado offers no reason why it should.

In *Wiggins*, the Court found that trial counsel's failure to investigate adequately a capital defendant's background and to prepare a mitigation case for the sentencing phase was unreasonable since counsel was aware of potential mitigating factors in the defendant's background and had available funds to investigate the defendant's social history. 539 U.S. at 534. Failure to prepare for a mitigation case in a capital trial is distinguishable from the alleged ineffectiveness here. The determination of ineffectiveness "includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time." *Id.* at 523. Under prevailing norms and in the context of this action, it was not unreasonable for defense counsel to decline to pursue an intoxication defense based on Rosado's insistence that he was innocent and wanted an acquittal.

Rosado's reliance on *Rompilla v. Beard*, 545 U.S. 374 (2005), elsewhere in his objections, *see* Objections at 14-17, is also unpersuasive. Rosado offers no reason for the court to conclude that defense counsel's failure to investigate the voluntary intoxication defense here is comparable to a failure to investigate and develop mitigation evidence in a capital trial. *See, e.g.*, *Rompilla*, 545 U.S. at 377.

Finally, Rosado suggests that *Hill v. Lockhart*, 474 U.S. 52 (1985), requires a different result. *See* Objections at 20-22. Rosado argues that he has shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Objections at 20 (quoting *Hill*, 474 U.S. at 59). *Hill* articulates the applicable standard for the second *Strickland* prong, prejudice. 474 U.S. at 59 ("The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected

9

the outcome of the plea process."). Both the PCRA court and Magistrate Judge Perkin concluded that Rosado failed to satisfy the first prong — that counsel committed error — so there was no need to reach a determination as to prejudice.

### G. Objection to Certificate of Appealability

Rosado objects to Magistrate Judge Perkin's inaccurate statement that the petition for writ of habeas corpus should be denied on procedural grounds because it was untimely. The PCRA court found the petition timely and Judge Perkin agreed with that conclusion elsewhere in his R&R. The court will sustain this objection, but a certificate of appealability ("COA") should be nonetheless denied.

Whether a COA should be granted is governed by 28 U.S.C. § 2253(c). In order for a district court to grant a COA, the petitioner must "ma[ke] a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336. The petitioner must also show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* at 327. Rosado has not made a substantial showing that he has been denied a constitutional right, nor has he shown that reasonable jurists could disagree with the resolution of his constitutional claims. There is no basis on which to issue a COA.

## III. CONCLUSION

Magistrate Judge Perkin's R&R will be **ADOPTED in part**. Rosado's objections will be **SUSTAINED in part** and **OVERRULED in part**. Rosado's petition for a writ of habeas corpus will be **DENIED**. An appropriate order follows.